E-filing

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

3  Name  YARVER  RICHARD  H
4      (Last)    (First)    (Initial)
5  Prisoner Number  D-14285 - A8-205-L
6  Institutional Address  Po Box 7500
7  Crescent City, Calif 95531

9  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

10  Richard H Yarver
11  (Enter the full name of plaintiff in this action.)

12  vs.  Case No. _____ WHA (PR)
     (To be provided by the clerk of court)
13  C/o Y Mayes
14          **COMPLAINT UNDER THE**
     **CIVIL RIGHTS ACT,**
     **42 U.S.C §§ 1983**

16  (Enter the full name of the defendant(s) in this action))

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.  Exhaustion of Administrative Remedies

20  [**Note:** You must exhaust your administrative remedies before your claim can go
21  forward. The court will dismiss any unexhausted claims.]

22  A.  Place of present confinement  Pelican Bay
23  B.  Is there a grievance procedure in this institution?
24      YES (✓)  NO ( )
25  C.  Did you present the facts in your complaint for review through the grievance
26      procedure?
27      YES (✓)  NO ( )
28  D.  If your answer is YES, list the appeal number and the date and result of the

RE: IAB # 06-17408 INSTITUTION LOG PBSP-0M

COMPLAINT  00502  STAFF COMPLAINTS

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal __BYPASS__

_____2. First formal level __BYPASS__

3. Second formal level __BYPASS__

_____4 Third formal level _____

E. Is the last level to which you appealed the highest level of appeal available to you?

        YES (✓)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_____

B. Write the full name of each defendant, his or her official position, and his or her

COMPLAINT  C/O Y. MAYES  - 2 -

1        place of employment.

2    PELICAN BAY

3

4

5

6                                    III.

7 Statement of Claim

8       State here as briefly as possible the facts of your case. Be sure to describe how each

9 defendant is involved and to include dates, when possible. Do not give any legal arguments or

10 cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11 separate numbered paragraph.

12 I HAD A HEART ATTACK ON FEB. 10, 2007 AND WAS

13 TAKEN TO SUTTER COASY. I WAS 2 DAYS, THEN

14 WHEN I DID RETURN TO PELICAN BAY IN FULL

15 REGISTRANTS, WAIST CHAIN WITH HANDS IN BLACK

16 BOX COULDNT MOVE HANDS, PLUS LEG IRONS

17 ON. I AM A WHITE MALE 62 WITH CLEAN RECORD.

18 TOOK ME TO A HOBBY SHAP TO REMOVE CUFFS

19 FROM MY ANKLES, I LEANED DOWN ON CART

20 YOO HAVE THEM. HE WAS NOT THERE AND I LOST

21 MY BALANCE AND WENT TOO LEFT SIDE AND

22 BROKE BONES IN LEFT HAND. DR DUNCAN SAID

23 A CHANCE NEVER HAVE FULL USE OF IT

24

25 IV.    Relief

26       Your complaint cannot go forward unless you request specific relief. State briefly exactly

27 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28 WANT $24,000.00 FOR DAMAGES AND INJURIES.

COMPLAINT                       - 3 -

1
2
3
4
5
6
7    I declare under penalty of perjury that the foregoing is true and correct.
8
9    Signed this 24 day of MARCH, 2008
10
11    *Richard Sawyer*
12    (Plaintiff's signature)
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                - 4 -

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

July 15, 2007

GARVER, RICHARD, D14285
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: IAB# 0617408, Institution Log# PBSP-07-00502, STAFF COMPLAINTS

Mr. GARVER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal. The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal is incomplete, please include the following supporting documentation:

- CDCR Form 1858, Rights and Responsibilities Statement

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: MAY 2 4 2007

Inmate GARVER, D14285
Pelican Bay State Prison
Facility A, General Population
Building 8, Cell 205

RE: WARDEN'S LEVEL DECISION              APPEAL: DENIED
    APPEAL LOG NO. PBSP-A-07-00502       ISSUE: STAFF COMPLAINTS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Lieutenant D. A. Webster conducted the investigation and interview of this appeal issue.

## ISSUES

Inmate Garver requests monetary compensation in the amount of $24,000.00 for injuries, staff negligence, and non-responsive medical treatment.

## FINDINGS

I

The inmate incorrectly identified the involved staff member in Section A of the appeal and acknowledged, during the interview, that Officer T. Mayes was the escorting officer. The inmate alleges in his appeal that on February 11, 2007, he was being escorted back to the facility in restraints, as he had been out to Sutter Coast Hospital for heart problems. The escorting officer, Officer T. Mayes, took him to the Facility 'A' Hobby Shop in order to remove the restraints. The inmate states that he slipped and fell and broke his left hand while unattended. The inmate alleges that he suffered in agony without aid of relief from pain medication, due to non-responsive medical treatment. The inmate contends that he was in serious agonizing pain and was not able to get any effective medical treatment until February 14, 2007.

## DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP's institutional procedures and departmental policies.

All staff involved were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

Supplement Page 2
GARVER, D14285
Appeal # PBSP-A-07-00502

The thorough review of the allegations presented in the complaint was completed. The investigation concluded that involved staff acted responsibly and professionally throughout the incident. Based on the elements of the Fact Finder, the involved staff is EXONERATED. The inmate's request for monetary compensation is beyond the scope of the appeal process. This APPEAL IS DENIED.

### MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT # 22    Date 05/16/07

TO: LOGGED   C/O HAWE

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution **PBSP**   Log No. A0700502   Category 7/9

1. _____   1. _____
2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| RICHARD GARVER | D-19285 | PIA/LAUNDRY | A8-205 |

A. Describe Problem: "GROSS NEGLIGENCE" in Violation of CCR Title 15 section 3280. On FEB. 19, 2007 while returning from SUTTER COAST Hospital for "Heart Trouble", I was escorted to the "A" Facility Hobby Shop by C/O HAWES to have the mechanical restraints removed from my hands and feet. While in the Hobby shop, I slipped and fell and broke my "Left Hand" while left "unattended" by C/O HAWE. There was no one there to aid me in breaking my fall, while still in hand and feet restraints. C/O HAWE clearly violated the procedural rules of the CCR Title 15, D.O.M. and O.P.M. of escorting an inmate while in mechanical restraints, especially while my feet and hands were shackled. This is akin to "Cruel and unusual Punishment" in violation of US. Const. 8th Amendment.

If you need more space, attach one additional sheet.

B. Action Requested: I request $24,000.00 in Punitive Damages for injuries received due to C/O Hawes' "gross negligence", and the non-responsive medical treatment which caused me to suffer in agony without aid of relief of pain medication. I was not able to get any effective medical treatment until FEB. 14, 2007. I was in serious agonizing pain.

Inmate/Parolee Signature: Richard Garver   Date Submitted: 2-19-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: **BYPASS**

INMATE APPEALS BRANCH   RECEIVED JUN 25 2007   A3 1858

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

FEB 20 2007   FEB 26 2007
TO CDW   2ND APPEALS

First Level  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____  Due Date: _____
Interviewed by: _____

**BYPASS**

_____
_____
_____
_____
_____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:                              Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

_____
_____
_____
_____

Signature: _____  Date Submitted: _____

Second Level  ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 2-26-07   Due Date: 4-09-07
☒ See Attached Letter

Signature: N. Thiem CCII   Date Completed: 5-10-07
Warden/Superintendent Signature: _____   Date Returned to Inmate: 5-29-07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Director's level Review is sought for the foregoing reasons. While the Second Level Respondent is quick to exonerate the staff involved, she failed to point to any specific factors indicated their non-culpability. Escorting staff left appellant in a small size holding cell, shackled at the waist, arms and legs with mechanical Restraints. The restraints should have been removed once appellant was in the cell, or for that matter, once appellant re-entered the facility. The action should be granted for the reasons stated.

Signature: Richard Brown   Date Submitted: 6-17-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
                                                    Date: _____

CDC 602 (12/87)          0617408

**NAME:** Richard Harver
**CDC NO:** D14285 **HOUSING:** A-8 205-L

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

RECEIVED
APR 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. NORTHERN DIST. OF CALIF.
U.S. COURTHOUSE
450 GOLDEN GATE AVE
SAN FRANCISCO  CA  94102-3483

US District Court
450 Golden Gate Ave
Po Box 36060
San Francisco, CA  94102-9680

**LEGAL MAIL**