IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. GARVER, | No. C 08-1834 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Correctional Officer MAYES, | |
| Defendant. | |

Plaintiff, an inmate of Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

## DISCUSSION

### A. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that when he leaned down on a cart to have shackles removed from his ankles "he was not there and I lost my balance and went to[] left side and broke bones in left hand."  Plaintiff does not say who "he" refers to in the quoted sentence, and while the implication may be that it was defendant Mayes, the only named defendant, he does not say so. The only name in the "Statement of Claim" is "Dr. Duncan," and he is only alleged to have told plaintiff that he might never recover full use of the hand, so it seems clear that plaintiff is not trying to allege that Dr. Duncan was responsible for the actual injury to his hand.  The complaint will be dismissed with leave to amend for that reason, failure to say who "was not there."

In addition, the factual allegations which plaintiff does make are insufficient to state a claim for deliberate indifference to his safety.  A defendant is deliberately indifferent to the safety of an inmate only if he or she knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff has alleged only that an unnamed person "was not there," which is insufficient to allege deliberate indifference.  If there

was some sort of regular procedure that was not followed, or if plaintiff was particularly unsteady, or if plaintiff could allege in good faith that the escort did not provide assistance in a situation where it clearly was needed, that might or might not suffice, but as it is the allegation amounts to no more than negligence.

Finally, it is not clear whether plaintiff intends to allege deliberate indifference to a serious medical need in not providing care for his broken hand. If he does, he must allege facts showing that a specific named defendant did, or omitted to do, something that amounted to deliberate indifference.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 12, 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\GARVER1834.DWLTA.wpd