IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. GARVER,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT A. HOREL; Correctional Officer T. MAYS; MICHAEL C. SAYERS; and MTA Patch,<br><br>    Defendants. | No. C 08-1834 WHA (PR)<br><br>**ORDER OF SERVICE** |

This is a civil rights case filed pro se by a state prisoner. In the initial review order the complaint was dismissed with leave to amend because plaintiff had not stated a claim. Plaintiff has amended.

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the amended complaint plaintiff alleges that he had a heart attack and was taken to Sutter Hospital. He alleges that defendant Mays escorted him back to the prison after his hospital stay. He says that despite his being sixty-two years old, having just suffered a heart attack, and being visibly shaky on his feet, defendant Mays forced him to return to the prison through the visitors' area, which required him to walk sixty yards in full chains and lockboxes, rather than bringing him in through "R & R," as was the usual procedure, or a "yard clinic," which would have only required him to walk thirty feet. As a consequence of his exhaustion he feel and broke his arm. This claim is sufficient to proceed against Mays.

Plaintiff's claim against Warden Horel, which is that Horel failed to properly train Mays, is supported by no facts and thus is not sufficient to state a claim. It will be dismissed.

Plaintiff's second claim is that defendant Patch, a MTA, did not take x-rays or put a cast on his broken arm when he was taken to the clinic after the fall. He says it was three days before he was taken to the emergency room of the hospital for treatment of the injury, and that he has suffered permanent disability. This is sufficient to state a claim against Patch.

Plaintiff also contends that defendant Sayers, the Chief Medical Officer, is liable because he failed to property train the MTAs. This claim is, again, not supported by any specific factual allegations. The claim against Sayers will be dismissed.

**CONCLUSION**

1. Plaintiff's claims against Warden Horel and Chief Medical Officer Sayers are Dismissed without prejudice.

///

2

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the following defendants: Correctional Officer T. Mays and MTA Patch. Plaintiff states that both can be found at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document

3

to defendants or defendants' counsel.

     5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

     6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December  15 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\GARVER1834.SRV.wpd